IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**LANA SHORE**,

    Plaintiff,

v.

**WALMART, INC. f/k/a WAL-MART STORES, INC.**,

    Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

TO:    PLAINTIFF AND HER ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Defendant Walmart, Inc. f/k/a Wal-Mart Stores, Inc., by and through its counsel, Katie B. Johnson, of Sutton | Booker | P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Fed. R. Civ. P. 81(c), and D.C.Colo.LCivR 81.1, hereby submits this Notice of Removal as follows:

## INTRODUCTION AND BASIS FOR REMOVAL

1. Walmart, Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart") is the Defendant in the above titled action, originally filed on January 11, 2019, by Plaintiff Lana Shore in the Larimer County District Court, Case No. 2019CV30027.  The Complaint seeks recovery of damages under the Colorado Premises Liability Act, C.R.S. § 13-21-115.  *See generally* **Exhibit A**, Plaintiff's Complaint and Jury Demand.

2. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the

United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).  The district courts of the United States have original jurisdiction of all actions between the citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

3. The present action is between citizens of different states. Plaintiff is a citizen of the State of Colorado. *See* **Exhibit A** at ¶ 1.  Defendant is a corporation with its principal place of business in Arkansas.  **Exhibit A** at ¶ 2. *See also* **Exhibit H**; documents on file with Colorado Secretary of State.

4. The amount in controversy exceeds $75,000. **Exhibit B**, Plaintiff's District Civil Cover Sheet (showing they seek more than $100,000 in damages; *see also Paros Properties, LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir)("There is no ambiguity in the [Civil Case] cover sheet.").  Additionally, Plaintiff's counsel has advised defense counsel that the amount in controversy exceeds $75,000, and that Plaintiff claims over $100,000 in past and future economic loss.  Further, Plaintiff's Complaint alleges she "…slipped and fell, resulting in serious injuries to Plaintiff, including a fractured left wrist, rotator cuff and labral tears in her left shoulder, injuries to her left elbow, hand, fingers, foot, toes, body generally and other injuries and damages arising therefrom and related thereto."  *See* **Exhibit A** at ¶ 17.

5. Therefore, as the diversity of citizenship and amount in controversy requirements have been met, this Court has original jurisdiction of this matter. Accordingly, Plaintiff's action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

6. This Notice of Removal is timely under 28 U.S.C. §1446(b). Defendant has thirty (30) days from the date it was served with Plaintiff's Complaint to file its Notice of Removal.

Defendant was served with Plaintiff's Complaint and Jury Demand in this matter on January 15, 2019. **Exhibit E,** Affidavit of Service.  Thus, Defendant's Notice of Removal is due February 14, 2019.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

7. Pursuant to 28 U.S.C. § 1446(a), Fed. R. Civ. P. 81(c) and D.C.Colo.LCivR 81.1, a copy of all process, pleadings, and orders that were served by the parties are attached. Undersigned counsel will promptly file a Notice of Intent to Remove with the Larimer County District Court.  *See* **Exhibit I,** State Court Notice of Intent to Remove.  The process, pleadings, and orders are captioned as follows:

    **Exhibit A**    Complaint and Jury Demand;

    **Exhibit B**    Civil Case Cover Sheet;

    **Exhibit C**    Summons;

    **Exhibit D**    Notice Judicial Case Management;

    **Exhibit E**    Return/Affidavit of Service;

    **Exhibit F**    Answer and Jury Demand; and

    **Exhibit G**    Certificate of Service.

8. Defendant has complied with the requirements of 28 U.S.C. § 1446, Fed. R. Civ. P. 81(c), and D.C.Colo.LCivR 81.1.

9. Pursuant to 28 U.S.C. § 1446(b), a copy of this Notice of Removal will be promptly filed with the Clerk of Court for the Larimer County District Court in Civil Action No. 2019CV30027.  Also, pursuant to U.S.C. § 1446(d), undersigned counsel will promptly provide this Notice of Removal to Plaintiff's counsel. The register of actions is attached as **Exhibit J**.

WHEREFORE, pursuant to this Notice of Removal and 28 U.S.C. § 1441, Defendant, Walmart, Inc. f/k/a Wal-Mart Stores, Inc. respectfully requests that this case be removed from the Larimer County District Court, that this Court take jurisdiction of and enter such further orders as may be necessary and proper for the continuation of this action, and that the Defendant be afforded such further relief as this Court deems just and appropriate.

Respectfully submitted this 14th day of February, 2019.

*/s/   Katie B. Johnson*
Katie B. Johnson
Sutton | Booker | P.C.
4949 S. Syracuse, Suite 500
Denver, Colorado 80237
Telephone:  303-730-6204
Facsimile:   303-730-6208
E-Mail:  kjohnson@suttonbooker.com
***Attorneys for Defendant,***
***Walmart, Inc. F/k/a Wal-Mart Stores, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2019, I electronically filed a true and correct copy of the above and foregoing Defendant's Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael Rossetti
405 East Prospect Road
Fort Collins CO  80525

>   */s/   Melissa J. Larsen*
>   *A duly signed original is on file at*
>   *Sutton | Booker | P.C.*