District Court, County of Larimer
State of Colorado
Court Address:
201 Laporte Ave., Suite 100
Fort Collins, CO 80521-2761

DATE FILED: January 11, 2019 9:22 AM
FILING ID: 5DE3EB8A31CE2
CASE NUMBER: 2019CV30027

Plaintiff:
LANA SHORE

v.

Defendant:
WALMART INC. FKA WAL-MART STORES, INC.

▲ COURT USE ONLY ▲

Attorney:
Michael Rossetti
405 East Prospect Road
Fort Collins, CO 80525
Phone Number: 970-413-2226
FAX Number: 1-970-797-1772
E-mail: Rossettimick@aol.com
Atty. Reg. No.: 44215

Case Number:
Division:
Courtroom:

**COMPLAINT AND JURY DEMAND**

Plaintiff, Lana Shore, by and through her attorney, for her Complaint and Jury Demand states and alleges as follows:

### THE PARTIES

1. Plaintiff Lana Shore is an individual resident of Larimer County, Colorado.

2. Defendant Walmart Inc. fka Wal-Mart Stores, Inc., is a foreign corporation authorized to do business in Colorado. Defendant's registered agent is the Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

### JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in the District Court of Larimer County, Colorado.

4. Defendant does business in Larimer County, Colorado.

5. The torts forming the basis of this Complaint occurred in Larimer County, Colorado.

1

## GENERAL ALLEGATIONS

6. Wal-Mart Real Estate Business Trust owns the real property located at 1250 E. Magnolia St., Fort Collins, Colorado 80524, which is used as a Walmart Superstore (hereinafter the "Walmart Superstore" or "Business Premises").

7. At all material times, Defendant Walmart Inc. was a "landowner" of the Business Premises per C.R.S. 13-21-115 because Defendant was an authorized agent of the Wal-Mart Real Estate Business Trust, was in possession of the Business Premises, and/or was legally responsible for the condition of the Business Premises, the activities conducted, and/or circumstances existing on the Business Premises.

8. At all material times, Defendant was in possession, control and operated the Business Premises. The individuals responsible for the condition of the Business Premises, the activities conducted and circumstances existing on the Business Premises were employees, agents and representatives of Defendant. Such individuals were not independent contractors and did not work for any independent contractors of Defendant.

9. Defendant is liable for the acts, omissions, negligent and wrongful conduct of its employees acting within the course and scope of their employment on its behalf.

10. On August 5, 2017, Plaintiff was a business "invitee" of Defendant per C.R.S. 13-21-115 when she sustained a slip and fall injury on the Business Premises.

## FACTS

11. Plaintiff hereby affirms and incorporates each and every allegation contained in paragraphs 1 through 10 above, as if set forth verbatim herein.

12. At the time of the incident, Plaintiff was shopping at the Walmart Superstore during regular business hours. Plaintiff was walking in a main isle near the back of the store when she suddenly and unexpectedly slipped on a clear slick liquid that was on the floor. Although Plaintiff tried to catch herself from falling, she went down hard, with her arm extended.

13. Defendant actually knew about the danger or, as a person using reasonable care, should have known of the dangerous condition located on the Business Premises where Plaintiff fell.

14. Plaintiff's injuries and damages were caused by Defendant's unreasonable failure to exercise reasonable care to protect or warn Plaintiff against the danger which Defendant knew or should have known existed.

15. Plaintiff was unaware of the slippery condition of the floor before she fell.

16. Defendant's foregoing wrongful conduct was a direct and proximate cause of injuries and damages sustained by Plaintiff, described more fully below.

17. As a direct and proximate result of Defendant's foregoing wrongful conduct, Plaintiff slipped and fell, resulting in serious injuries to Plaintiff, including a fractured left wrist, rotator cuff and labral tears in her left shoulder, injuries to her left elbow, hand, fingers, foot, toes, body generally and other injuries and damages arising therefrom and related thereto.

## FIRST CLAIM FOR RELIEF

18. Plaintiff hereby affirms and incorporates each and every allegation contained in paragraphs 1 through 17 above, as if set forth verbatim herein.

19. Plaintiff says that at the time of the incident forming the basis of this claim, she was a business invitee pursuant to C.R.S. 13-21-115 (the "Act").

20. At the time of the incident forming the basis of this claim, Defendant was a landowner as defined by the Act and was legally responsible for the condition of the real property upon which the Business Premises was located and for the activities conducted and circumstances existing on the real property.

21. Defendant and its employees, agents and authorized personnel owed Plaintiff various duties under the Act, including the duty to exercise reasonable care to protect Plaintiff against dangers which they actually knew of or should have known of.

22. Defendant breached the foregoing duties. Defendant actually knew of, or in the exercise of reasonable care should have known of the dangerous condition. Plaintiff's injuries and damages were caused by Defendant's unreasonable failure to exercise reasonable care to protect against the danger, to make the condition safe, to remedy the dangerous condition or to warn Plaintiff of the dangerous condition by placement of warning signs or other means.

23. Defendant is vicariously liable for the acts and omissions of its employees, agents, representatives and others acting on their behalf.

24. As a direct and proximate result of Defendant's foregoing wrongful conduct, Plaintiff was injured and sustained damages including past and future economic, non-economic, physical impairment, quality of life impairment and disfigurement damages.

## SECOND CLAIM FOR RELIEF

25. Plaintiff hereby affirms and incorporates each and every allegation contained in paragraphs 1 through 24 above, as if set forth verbatim herein.

26. Additionally and alternatively, Plaintiff says that the foregoing wrongful acts and omissions of Defendant constitute negligence.

27. Plaintiff reserves the right to assert additional and alternative claims supported by the law and facts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lana Shore prays for judgment against Defendant and requests relief as follows:

a. For compensatory damages, consisting of past and future economic losses, including loss of earnings, damage to ability to earn money, medical, hospital and other recoverable expenses and costs and non-economic losses, including physical and mental pain and suffering, inconvenience, emotional stress, physical impairment, impairment in

quality of life and disfigurement damages in an amount which will sufficiently compensate Plaintiff; and,

b. For prejudgment and post-judgment interest, recoverable court costs, expert witness fees and for such other and further relief to which Plaintiff may be justly entitled.

## JURY DEMAND

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 11th day of January 2019.

> LAW OFFICE OF MICHAEL ROSSETTI
> Original Signature on File at the Law Office
> of Michael Rossetti
>
> Michael Rossetti
> ATTORNEY FOR PLAINTIFF
> Registration Number: 44215

Plaintiff's Address
526 Red Tail Trail
Livermore, CO 80536

This document has been electronically filed. A printed copy with original signatures is being kept at the law office of Michael Rossetti and is available for inspection by the parties or court on request.